UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFREDO'S FOREIGN CARS,
INC., D/B/A LARCHMONT
CHRYSLER JEEP DODGE,

 Plaintiff,

       v.

STELLANTIS US LLC F/K/A FCA
US LLC,

 Defendant.

Civil Action No. 22-10478-KMK

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

I.   The Court must resolve the question implicated in the circuit split because *Elliot* applies to unreviewed state administrative determinations. ...................................................................... 2

II.  The Court should side with the majority and find that res judicata does not apply to the unreviewed DMV proceeding. ................................................................................................. 5

    A. Siding with the majority follows *Elliott*. ............................................................................ 5

    B. Siding with the majority is consistent with the federal statutes at issue. ........................... 7

III. In any event, res judicata does not apply when formal jurisdiction or statutory barriers prevented the litigant from bringing all the claims in one action. ............................................ 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Akgul v. Prime Time Transp. Inc.*,
   293 A.D.2d 631 (2d Dep't 2002) ................................................................................................. 4, 5

*Burgos v. Hopkins*,
   14 F.3d 787 (2d Cir. 1994) ................................................................................................................ 8

*Buttaro v. City of N.Y.*,
   15 CV 5703, 2016 WL 4926179 (E.D.N.Y. Sept. 15, 2016) ............................................................. 4

*Celotto v. Ryan*,
   No. 16-CV-1038-LJV-MJR, 2021 WL 2910290 (W.D.N.Y. July 12, 2021) ................................. 2, 8, 9

*Dionne v. Mayor and City Council of Baltimore*,
   40 F.3d 677 (4th Cir. 1994) .......................................................................................................... 3, 6, 7

*Edmundson v. Borough of Kennett Square*,
   4 F.3d 186 (3d Cir. 1993) ............................................................................................................. 3, 4, 5

*Eilrich v. Remas*,
   839 F.2d 630 (9th Cir. 1988) ........................................................................................................... 3, 5

*Est. of Bassatt v. School Dist. No. 1 Cty. & Cnty. of Denver*,
   775 F.3d 1233 (10th Cir. 2014) ......................................................................................................... 4

*Frazier v. King*,
   873 F.2d 820 ..................................................................................................................................... 3, 7

*Gjellum v. City of Birmingham, Ala.*,
   829 F.2d 1056 (11th Cir. 1987) ........................................................................................................ 4, 7

*Glob. Naps, Inc. v. Mass. Dep't of Telecoms. and Energy*,
   427 F.3d 34 (1st Cir. 2005) ........................................................................................................... 3, 5, 7

*Hayes v. Cty. of Chicago*,
   670 F.3d 810 (7th Cir. 2012) ............................................................................................................. 3

*Hilman v. Shelby Cnty. Gov.*,
   297 Fed.Appx. 450 (6th Cir. 2008) .................................................................................................... 3

*Jacobson v. Fireman's Fund Ins. Co.*,
   111F.3d 261, 265 (2d Cir. 1997) ........................................................................................................ 8

*Leventhal v. Knapek*,
   266 F.3d 64 (2d Cir. 2001)............................................................................................2, 9, 10

*Levich v. Liberty Central Sch. Dist.*,
   361 F.Supp.2d 151 (S.D.N.Y. Dec. 22, 2004) ...................................................................4, 5, 6

*Locurto v. Giuliani*,
   95 F.Supp.2d 161 (S.D.N.Y. Apr. 27, 2000) .......................................................................4, 5

*Pappas v. Giuliani*,
   118 F.Supp.2d 433 (S.D.N.Y. Oct. 26, 2000).....................................................................4, 5, 6

*Peery v. Brakke*,
   826 F.2d 740 (8th Cir. 1987) ................................................................................................4

*Rosenfield v. Dep't of Army*,
   769 F.2d 237 (4th Cir. 1985) ................................................................................................5

*Univ. of Tenn. v. Elliott*,
   478 U.S. 788 (1986)................................................................................................ *passim*

**Statutes**

15 U.S.C. § 13(a) .......................................................................................................................8

28 U.S.C. § 1738........................................................................................................................7

42 U.S.C. § 2000e-5(b)..............................................................................................................8

Dealer Act ..............................................................................................................................2, 9

Robinson-Patman Act ..........................................................................................................2, 8, 9

**INTRODUCTION**

It is important to distinguish issue preclusion from claim preclusion. Issue preclusion (or collateral estoppel) is when a party seeks to prevent re-litigation of facts or issues previously determined on the merits. Claim preclusion (or res judicata) is when a party seeks to prevent re-litigation of claims that were already brought and decided, <u>or should have been</u>. Here, FCA has moved to dismiss three of Larchmont's claims on the basis of claim preclusion: namely, that those causes of action should have been brought with the claims raised before the DMV and won by Larchmont in 2019.

This Court has asked the parties to brief whether it must decide the circuit split that applies to the preclusive effect of unreviewed state agency decisions, and if so, how it should rule. Larchmont believes this Court should decide the circuit split issue, and find that unreviewed state agency decisions have no claim preclusive effect. This would render the other issues raised by the parties moot.

In *Univ. of Tenn. v. Elliott*, 478 U.S. 788 (1986), the Supreme Court held that factual findings of unreviewed state agency decisions must be given preclusive effect for factual issue preclusion. However, the Circuits have split as to whether *Elliot* means those decisions must also be given preclusive effect for claim preclusion. The split is not even: the substantial majority of circuits have held that unreviewed determinations of law cannot underpin claim preclusion. So too should this Court.

But even if the Court were to find that the DMV proceeding (which found Defendant's sales performance standard unlawful) could support claim preclusion, FCA's motion would still fail because Larchmont's claims here (involving price discrimination) were not and <u>could not have been brought</u> before the DMV. The DMV is not authorized to award money damages, nor could it

1

hear a federal Robinson Patman Act claim. Nor does anything in claim preclusion jurisprudence require that Larchmont forgo its statutory right to assert statutory Dealer Act challenges in the DMV and bring every conceivable claim all at once in a court of law. The mere fact that **some** of the things that made Defendant's sales performance standard unlawful also result in price discrimination does not force Larchmont into a federal or legal forum for all issues. Regardless of the source of preclusion, Larchmont's claims are not subject to res judicata.

## ARGUMENT

**I.     The Court must resolve the question implicated in the circuit split because *Elliot* applies to unreviewed state administrative determinations.**

Whether unreviewed state administrative determinations have preclusive effect is the subject of a circuit split. *See Celotto v. Ryan*, No. 16-CV-1038-LJV-MJR, 2021 WL 2910290, at *2 (W.D.N.Y. July 12, 2021) (noting that in the civil rights context, whether res judicata applies to an unreviewed administrative proceeding is the subject of a circuit split); *Leventhal v. Knapek*, 266 F.3d 64, 73 n.3 (2d Cir. 2001) (citing *Doe v. Pfrommer,* 148 F.3d 73, 80 (2d Cir. 1998) (stating that the Second Circuit has not taken a position on the split in the circuits as to whether to give preclusive effect to the unreviewed legal determinations of state administrative decisions)).

This circuit split follows Supreme Court case *Univ. of Tenn. v. Elliott,* where the Court granted certiorari to consider whether state administrative factfinding is entitled to preclusive effect. 478 U.S. 788, 789 (1986). *Elliott* evaluated whether a rule of preclusion was appropriate with respect to claims under the Constitution, Title VII, and the Reconstruction-era civil rights statutes. *Id.* at 795. The Supreme Court held that unreviewed state administrative proceedings did not have a preclusive effect on Title VII claims, but that when "a state agency acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have had an

2

adequate opportunity to litigate … federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Id.* at 799.

Since *Elliot* was decided, lower courts have interpreted its holding in two different ways.[1] A minority of circuits have interpreted *Elliot* to hold that unreviewed state administrative determinations of **both** factfinding and issues of law have preclusive effect in federal court. *See Eilrich v. Remas*, 839 F.2d 630, 634 n.2 (9th Cir. 1988) (dismissing argument that preclusive effect should be applied only to unreviewed administrative determinations of findings of fact).

However, the majority of circuits interpret *Elliott* as holding only that unreviewed state administrative determinations of **fact** have preclusive effect in federal court. *See Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 193 (3d Cir. 1993) (finding that the 9th Circuit overlooked the distinction between issues of law and fact and declining to extend preclusive effect to issues of law); *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 685 (4th Cir. 1994) ("[T]he unreviewed state administrative decision at issue here has no claim preclusive effect in the subsequent § 1983 action, despite arising out of the same transaction or series of transactions."); *Frazier v. King*, 873 F.2d 820, 824 (5th Cir. 1989) (denying claim preclusion in § 1983 case in which plaintiff had pursued state law remedy in administrative forum of limited jurisdiction to avoid "encourag[ing] plaintiffs to bypass administrative proceedings in order to preserve their

---

[1] Some circuits have not definitively ruled on the issue, or have taken a more nuanced approach in deciding preclusion of unreviewed administrative proceedings. *See Glob. Naps, Inc. v. Mass. Dep't of Telecoms. and Energy*, 427 F.3d 34, 48-49 (1st Cir. 2005) (considering the "complications of the [Telecommunications Act's] scheme of cooperative federalism" and finding that, under the specific circumstances presented, "application of common law principles of issue preclusion would contravene the intent of Congress."); *Hilman v. Shelby Cnty. Gov.*, 297 Fed.Appx. 450, 452-53 (6th Cir. 2008) (finding preclusive effect of administrative decisions can be summarized by three propositions: 1) reviewed state agency determinations are preclusive; 2) unreviewed state agency determinations are preclusive if a state court would similarly give the agency determination preclusive effect; and 3) Congress may direct that certain claims – like Title VII claims – not be precluded by unreviewed agency determinations); *Hayes v. Cty. of Chicago*, 670 F.3d 810, 816 (7th Cir. 2012) (rejecting plaintiff's argument that an unreviewed administrative judgement does not have preclusive effect where plaintiff had petitioned the Circuit Court of Cook County for administrative review of the Police Board's ruling and the Circuit Court affirmed the Police Board as did the Illinois Appellate Court) ("Because Hayes requested and received review of the Circuit Court's administrative order, we find that *Elliott* has no application to this case.").

3

claims under § 1983."); *Peery v. Brakke*, 826 F.2d 740, 746 (8th Cir. 1987) (refusing to give preclusive effect to an unreviewed state agency's issue of law determination); *Est. of Bassatt v. School Dist. No. 1 Cty. & Cnty. of Denver*, 775 F.3d 1233, 1237 (10th Cir. 2014) ("The findings of a state administrative agency generally do not bind federal courts."); *Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1065 (11th Cir. 1987) ("[A]t least in the context of section 1983 suits, the federal common law of preclusion does not require application of state claim preclusion rules to unreviewed state administrative decisions.").

New York courts have sided with the majority, limiting preclusion to findings of fact. *See Levich v. Liberty Central Sch. Dist.*, 361 F.Supp.2d 151, 161 (S.D.N.Y. Dec. 22, 2004) ("This Court agrees with the reasoning expressed by the Third Circuit in *Edmundson* and two district court cases cited by plaintiff, *Pappas v. Giuliani* and *Locurto v. Guiliani*, in which those courts declined to extend preclusive effect to unreviewed agency determinations of law.") (citations omitted); *Buttaro v. City of N.Y.*, 15 CV 5703 (ILG), 2016 WL 4926179, at *6 (E.D.N.Y. Sept. 15, 2016) (refusing to give preclusive effect to unreviewed legal determinations of state administrative decisions); *Akgul v. Prime Time Transp. Inc.*, 293 A.D.2d 631, 633 (2d Dep't 2002) ("[A]n administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of fact and law, is not entitled to preclusive effect.").

While the question posed in *Elliott* concerned claims under the Constitution and the Reconstruction-era civil rights statutes, the Supreme Court did not limit its holding to those specific claims. In analyzing the issue, the Court stated that "[h]aving federal courts give preclusive effect to the factfinding of state administrative tribunals also serves the value of federalism…" *Elliott*, 478 U.S. at 798. The Court could have added language explicitly stating that this preclusion only applied to civil right claims, but it used broad language. *Id.* at 799 ("federal courts must give

4

the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."). Courts across the country have also interpreted *Elliott* to apply beyond claims under Reconstruction-era civil rights statutes. *See, e.g.*, *Akgul v. Prime Time Transp., Inc.*, 293 A.D.2d 631, 633-34 (N.Y. App. Div. 2002) (finding that in an action brought under Labor Law Article 6, an ultimate conclusion by the National Labor Relations Board should not have been given preclusive effect); *Rosenfield v. Dep't of Army*, 769 F.2d 237, 238 (4th Cir. 1985) (finding that in an action brought under the Age Discrimination in Employment Act, a determination by the Civil Service Commission should not have been given preclusive effect); *Glob. Naps, Inc. v. Mass. Dep't of Telecoms. & Energy*, 427 F.3d 34, 46 (1st Cir. 2005) (applying *Elliott* analysis to a claim under the Telecommunications Act of 1996).

Given the language used in *Elliott*, and the broad interpretation of this language by other courts, *Elliott's* holding is not limited to claims under Reconstruction-era civil rights statutes. As a result, *Elliott* applies to these claims, and the Court must decide the circuit split.

**II.     The Court should side with the majority and find that
         res judicata does not apply to the unreviewed DMV proceeding.**

    **A.     Siding with the majority follows *Elliott*.**

This Court should side with the majority of circuits and find that unreviewed administrative determinations cannot support claim preclusion. Not only have the Third, Fourth, Fifth, Eighth, and Eleventh Circuits disagreed with the Ninth Circuit's interpretation of *Elliott*, but so have several New York district courts. *See Pappas v. Giuliani*, 118 F.Supp.2d 433, 438 (S.D.N.Y. Oct. 26, 2000); *Levich v. Liberty Central Sch. Dist.*, 361 F.Supp.2d 151, 160-61 (S.D.N.Y. Dec. 22, 2004); *Locurto v. Giuliani*, 95 F.Supp.2d 161 (S.D.N.Y. Apr. 27, 2000).

The cases on the other side of the split are not persuasive. In *Eilrich*, the Ninth Circuit disregarded *Elliott*'s distinction between issues of law and fact. *See Edmundson v. Borough of*

5

*Kennett Square*, 4 F.3d 186, 193 (3d Cir. 1993). While the Ninth Circuit disregarded *Elliott*'s repeated use of the word "fact-finding," Magistrate Judge Buchwald of the Southern District of New York did not. *See Pappas*, 118 F.Supp.2d at 438. In *Pappas*, the court recognized the split between the Third and Ninth Circuits. *Id. Pappas* found that the "specific language in *Elliott* len[t] further support to the conclusion that it did not wish to extend issue preclusion to unreviewed administrative determinations of law." *Id.* at 441-42. Judge Conner of the Eastern District of New York agreed, finding *Elliott*'s consistent reference to fact-finding was not inadvertent and refusing to apply preclusion to issues of law. *See Levich*, 361 F.Supp.2d at 161.

Under the majority interpretation, the unreviewed DMV decision cannot preclude the claims before this Court. The DMV proceeding was an administrative proceeding before the New York Department of Motor Vehicles. The DMV found for Larchmont and its decision was never appealed in an Article 78 proceeding to a state court. Thus, the DMV proceeding is an unreviewed administrative proceeding. Consistent with *Elliott*, the majority of circuits, and lower courts within the Second Circuit, the issues of law decided by the DMV do not preclude Larchmont from bringing this litigation.

The Fourth Circuit case *Dionne v. Mayor & Cty. Counsel of Baltimore* is instructive. 40 F.3d 677, 681 (4th Cir. 1994). In *Dionne*, plaintiff brought a Section 1983 claim before an administrative agency against his employer for illegal termination. *Id.* at 679. The administrative agency found in plaintiff's favor and ordered plaintiff be reinstated. *Id.* at 680. Plaintiff was reinstated only to discover that his position had been abolished. *Id*. Plaintiff subsequently filed a Section 1983 claim in federal court. *Id.* The *Dionne* court found that the unreviewed state administrative proceeding did not preclude the later 1983 action which arose out of the same transaction or occurrence. *Id.* at 682.

6

Larchmont's procedural history is almost identical to that in *Dionne*. In both cases, the plaintiffs filed an administrative action, participated in a hearing, received a favorable ruling, and later filed an action in federal court. In both cases, the administrative proceedings and claims in the federal actions arose out of the same transaction or occurrence. *Id.* at 685. Therefore, as in *Dionne*, this Court should find that unreviewed state administrative determinations on issues of law are not preclusive under the theory of claim preclusion. *Id.* ("A federal rule applying claim preclusion would not be consistent with traditional claim preclusion principles. Nor would the values underlying the Full Faith and Credit Clause be served by a federal rule requiring application of state claim preclusion law.") Case law from the Fifth and Eleventh Circuits also support this conclusion. *See, e.g.*, *Frazier v. King*, 873 F.2d 820, 824 (5th Cir. 1989) (finding that after reviewing the extensive case law on claim preclusion, success on an administrative proceeding does not preclude a Section 1983 claim in federal court); *Gjellum v. Cty. of Birmingham*, 829 F.2d 1056, 1070 (11th Cir. 1987) ("We hold therefore that unreviewed state agency decisions will not receive claim preclusive effect in a section 1983 action…").

      **B.**      **Siding with the majority is consistent with the federal statutes at issue.**

In *Elliott*, the Court held that because the full faith and credit statute, 28 U.S.C. § 1738, did not apply to unreviewed administrative decisions, the Court had to "fashion federal common-law rules of preclusion in the absence of a governing statute." *Elliott*, 478 U.S. at 794. The Court determined that, with respect to the employee's Title VII claim, the question of whether the state administrative determination was entitled to preclusive effect depended on whether a common-law rule of preclusion would be consistent with Congress's intent in enacting Title VII. *Id.* at 796; *see also Glob. Naps, Inc. v. Mass. Dep't of Telecoms. & Energy*, 427 F.3d 34, 46 (1st Cir. 2005). An evaluation of the purpose of the relevant statutes revealed that Congress intended to depart from the traditional rules of preclusion. Specifically, the Court evaluated whether Congress

7

intended to preclude Title VII claims by enacting 42 U.S.C. § 2000e-5(b), which gave the Equal Employment Opportunity Commission the ability to investigate discrimination charges. The Court found it was not Congress's intention to preclude Title VII claims by enacting the later statute. *Elliott*, 478 U.S. at 796.

A review of the statutes at issue in this case demands the same conclusion. Under the Robinson-Patman Act, plaintiffs can bring a private right of action in federal court for price discrimination. 15 U.S.C. § 13(a). As the Robinson-Patman Act is a federal statute, plaintiffs are required to bring these claims in federal court. As in *Elliott*, Congress could not have intended an unreviewed DMV proceeding to have preclusive effect over Robinson-Patman Act claims that can be brought only in federal court. Federal courts have exclusive jurisdiction over federal statutes. It would be nonsensical to hold that Congress intended to usurp the federal court's authority and bind it to the unreviewed holding of an administrative agency.

### III. In any event, res judicata does not apply when formal jurisdiction or statutory barriers prevented the litigant from bringing all the claims in one action.

Larchmont could not have brought all of its claims in the Complaint before the DMV in the administrative proceeding as the DMV did not have jurisdiction over Count I (the Robinson-Patman Act claim) or Count IV (Breach of Implied Covenant of Good Faith and Fair Dealing). Nor was Larchmont required to forgo relief before the DMV and bring all of its claims at one time in federal court. The DMV cannot award money damages. Courts have repeatedly held that res judicata does not apply when the "initial forum did not have the power to award the full measure of relief sought in the later litigation," or where there are "no formal barriers in the way of [the litigant] from presenting to a court in one action the entire claim." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted); *Jacobson v. Fireman's Fund Ins. Co.,* 111 F.3d 261, 265 (2d Cir. 1997); *Celotto v. Ryan*, 16-CV-1038-LJV-MJR, 2021 WL 2910290, at *2 (W.D.N.Y. July

8

12, 2021).

*Celotto* is instructive. In *Celotto*, the plaintiff brought claims before the Division of Human Rights under the New York State Human Rights Law and Title VII but not the Equal Protection Clause or Section 1983. *Celotto*, 2021 WL 2910290, at *1. After the administrative proceeding on those claims, plaintiff filed a lawsuit in federal court under Title VII and the Equal Protection Clause. *Id.* The defendant argued that the current claim and the previous claim before the Division of Human Rights was identical in that they were based on exactly the same facts, and therefore this action had to be barred under the doctrine of res judicata. *Id.* at *4. The Court recognized that this was not necessarily the case, and stated that "*Res judicata* will not apply, for example, if the Division of Human Rights **could not have decided** Celotto's equal protection claim for a hostile work environment **or provided her with the full relief** that she now seeks." *Id.* (emphasis added).

As in *Celotto*, Larchmont elected to bring certain claims under the Dealer Act before the DMV, and subsequently filed a lawsuit in federal court for claims arising under the Robinson-Patman Act (a federal statute), as well as different provisions of the Dealer Act and for breach of the covenant of good faith and fair dealing. The DMV has no power to adjudicate federal claims or state law contract claims. Nor can it award monetary relief. For the same reasons outlined in *Celotto*, this Court should find that res judicata does not apply here.

Similarly in *Leventhal v. Knapek*, the Second Circuit found that a prior action by a hearing officer did not have preclusive effect under New York law. 266 F.3d 64, 71-72 (2d Cir. 2001). In that case, the New York State DOT held a hearing to determine whether a Fourth Amendment violation had occurred in the search of a department employee's computer. The disciplinary charges were ultimately settled, and Leventhal subsequently sued the defendants in federal court, challenging the legality of the searches and of two employment actions taken against him. *Id.* at

66. The Court analyzed the preclusive effect of the hearing officer's ruling, stating that, "Absent specific statutory guidance from Congress, the preclusive effect of prior unreviewed state administrative determinations upon a subsequent suit in federal court is a matter of federal common law." (citation omitted) *Id.* at 71-72. But in *Leventhal,* the Court found that it did not need to reach the issue of whether federal common law would give preclusive effect to the state administrative determination because, even if it did, the action by the hearing officer would not have preclusive effect under New York law: "Under New York law, a state agency determination is given preclusive effect in a subsequent state court proceedings only when, *inter alia*, ***the identical issue … has 'been decided in the prior action***.'" *Id.* at 72. (emphasis added). In *Leventhal*, the hearing officer's conclusion that Leventhal's Fourth Amendment rights were violated was not "decided" in the agency proceeding, and therefore did not have preclusive effect.

      Likewise here, Larchmont's price discrimination claims were not decided by the DMV, nor were its allegations that FCA breached the covenant of good faith and fair dealing. The best Defendant can offer is that Larchmont could have brought its claims asserted before the DMV and the claims asserted now in this case together in a court, and that there is some minimal overlap in the issues for the two sets of claims. But that does not satisfy *Leventhal*, which requires "the identical issue [to have] been decided in the prior action." *Id.* Consistent with the reasoning set forth in *Leventhal*, the DMV's determination that Defendant's sales performance standard was unlawful cannot be used to preclude Larchmont from bringing its current price discrimination claims in federal court.

Dated: November 3, 2023

                ARENTFOX SCHIFF LLP

                By: */s/ Russell P. McRory*
                Russell P. McRory
                Michael P. McMahan
                Daisy M. Sexton
                Charles A. Gallaer
                Shayshari Potter
                1301 Avenue of the Americas, Fl. 42
                New York, NY 10019
                Tel: (212) 484-3900
                Fax: (212) 484-3990

                *Attorneys for Plaintiff Alfredo's Foreign Cars, Inc. d/b/a Larchmont Chrysler Jeep Dodge*