UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFREDO'S FOREIGN CARS, INC. d/b/a
LARCHMONT CHRYSLER JEEP DODGE,

        Plaintiff,

vs.

STELLANTIS US LLC f/k/a FCA US LLC,

        Defendant.

Civil Action No 7:22-cv-10478-KMK

---

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION**

This matter having come before the Court by stipulation of Plaintiff, Alfredo's Foreign Cars, Inc. d/b/a Larchmont Chrysler Jeep Dodge, and Defendant FCA US LLC (individually "Party" and collectively "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.     This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

1

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" or "highly confidential – attorney's eyes only" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Highly Confidential – Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 5.1 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(c) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only

2

Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege.

(d) "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information." If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information. If such motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

3

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g) any other person agreed to by the Producing Party.

5.1 Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 5(b)-5(g).

6. Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

4

7.      Before any disclosure of Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" is made to an expert witness or consultant pursuant to paragraph 5 (c) thereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.      Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

9.      Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information."

10.     This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" under the terms

hereof. Any deposition witness who is given access to Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11. A Party may designate as Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

12.

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information," or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall file the document, pleading, brief, or memorandum on the Electronic Case Filing ("ECF") system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" unredacted.

(c) If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party)

making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall identify such documents by the production number ascribed to them at the time of production.

14. Any person receiving Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" so as to prevent unauthorized disclosure.

15. Any document or information that may contain Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

8

16. Extracts and summaries of Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall also be treated with the same level of confidentiality as the designated information from which it was derived.

17. The production or disclosure of Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential or "highly confidential attorney's-eyes only." Failure to challenge a Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" designation shall not preclude a subsequent challenge thereto.

18. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

9

21.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

22.     If a Receiving Party is called upon to produce Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or "Highly Confidential – Attorney's Eyes-Only

Information," if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

/s/ Michael P. McMahan
*Attorneys for Plaintiff*
Russell Pries McRory, Esq.
Charles Andrew Gallaer, Esq.
Michael P. McMahan, Esq.
ArentFox Schiff LLP
1301 Avenue of the Americas, Fl. 42
New York, NY 10019
(212) 484-3900 – Telephone
(212) 484-3990 – Facsimile
russell.mcrory@arentfox.com
charles.gallaer@asflaw.com
michael.mcmahan@afslaw.com

/s/ Blake A. Gansborg
*Attorneys for Defendant*
Lisa A. Herbert, Esq.
Mitchell Boyarsky, Esq.
Nelson Mullins Riley & Scarborough LLP
330 Madison Avenue, 27th Floor New York, NY 10017
(212) 413-9000 – Telephone
(646) 428-2610 – Facsimile
lisa.herbert@nelsonmullins.com
mitch.boyarsky@nelsonmullins.com

Mark T. Clouatre, Esq.
John P. Streelman, Esq.
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, Colorado 80202
(303) 583-9900 – Telephone
(303) 583-9999 – Facsimile
mark.clouatre@nelsonmullins.com
john.streelman@nelsonmullins.com

Dated: January 24, 2023

11

**SO ORDERED**

Dated: _____, 2024

_____

Case 7:22-cv-10478-KMK   Document 42   Filed 01/24/24   Page 12 of 14

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALFREDO'S FOREIGN CARS, INC. d/b/a
LARCHMONT CHRYSLER JEEP DODGE,

Plaintiff,

vs.

STELLANTIS US LLC f/k/a FCA US LLC,

Defendant.

Civil Action No 7:22-cv-10478-KMK

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

1.  My address is _____.

2.  My present occupation or job description is _____.

3.  I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "**Stipulation**") entered in the above-entitled action on _____.

4.  I have carefully read and understand the provisions of the Stipulation.

5.  I will comply with all of the provisions of the Stipulation.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" that is disclosed to me.

7.  I will return all Confidential Information or "Highly Confidential – Attorney's Eyes Only Information" that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I

13

received the Confidential Information or "Highly Confidential – Attorney's Eyes Only Information."

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____1/24/24_____      [signature]

14